UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
99 SEP -2 PM 3:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIAM G. RAHAIM, ET AL., )
)
    Plaintiffs, )
)
vs. ) Civil Action No. CV 99-S-2270-NE
)
CHUBB GROUP OF INSURANCE COS.,)
)
    Defendant. )
_____)

ENTERED
SEP 2 1999

## MEMORANDUM OPINION

Before the court, *sua sponte*, is the issue of the propriety of removal in the above-styled action. For the reasons set forth below, the court finds that this action was improperly removed and, therefore, that this case is due to be remanded.

### I. FACTUAL BACKGROUND

On August 2, 1999, plaintiffs filed a complaint in the Circuit Court of Colbert County, Alabama. In their complaint, plaintiffs allege that defendant Chubb Group of Insurance Companies ("defendant Chubb") refuses to indemnify or otherwise defend them against claims arising out of a separate lawsuit. Specifically, plaintiffs contend that under the terms of a Commercial Umbrella Insurance Policy issued by defendant Chubb, defendant Chubb has a duty to defend and/or indemnify them in said lawsuit. Plaintiffs' seek reimbursement for the costs they have previously incurred, a

declaration that defendant Chubb has breached the aforementioned contract of insurance, and an order specifically directing defendant Chubb to bear all future costs of defending said action, including attorneys' fees.

On August 30, 1999, this action was removed by two entities claiming to be Defendants in the present lawsuit. Said entities, Great Northern Insurance Company and Federal Insurance Company (collectively, "the companies"), allege that there is no corporation or other legal entity by the name of defendant Chubb. Additionally, the companies contend that they, not defendant Chubb, are the companies that actually issued the insurance policies under which plaintiffs seek redress. The companies further allege that this court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, citing complete diversity between the parties and an amount in controversy that exceeds $75,000.[1]

## II. DISCUSSION

A cardinal rule of removal jurisdiction is that only "the defendant or the defendants" may remove an action to federal court. See 28 U.S.C. 28 U.S.C. § 1441(a). In the instant case, however, there is nothing in the record to indicate that the companies are

---

[1] The court expresses no opinion as to whether the parties are diverse or the amount in controversy is satisfied.

2

formal defendants in this action. Indeed, plaintiff's complaint only names defendant Chubb as a party and is also void of any fictitious party pleading. The companies assert that defendant Chubb is a nonexistent entity and that they are the proper defendants to this action. Unfortunately, they have failed to attach an order from the Circuit Court of Colbert County, Alabama dismissing defendant Chub as a party, and amending plaintiff's complaint to add the companies as defendants. Until they are formally added as defendants, the companies lack removal authority under 28 U.S.C. § 1441.

### III. CONCLUSION

For the foregoing reasons, the court finds that this case was improperly removed and is due to be remanded to the Circuit Court of Colbert County, Alabama. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 2nd day of September, 1999.

United States District Judge